IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDRES BECERRA,

        Plaintiff,

v.                                              No. 1:18-cv-00501-MV-LF

CITY OF FARMINGTON,
STEVEN HEBBE, in his individual capacity,
CASEY MALONE, in his individual capacity,
MATTHEW VEITH, in his individual capacity,
TOM SWENK, in his individual capacity,
DENNIS RONK, in his individual capacity, and
SIERRA TAFOYA, in her individual capacity,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss based on Qualified Immunity [Doc. 18], filed July 27, 2018. The Court, having considered the briefs, relevant law, and being otherwise fully informed, finds that Defendants' motion is well-taken and will be **GRANTED**. Further, Plaintiff will be granted leave to file an amended complaint.

## BACKGROUND

The relevant facts as alleged in the Complaint are as follows. On May 23, 2013, the City of Farmington hired Plaintiff Andres Becerra to work as a patrol officer at the Farmington Police Department. Doc. 1 at ¶¶ 21-22. Approximately four years prior, the Department of Veteran Affairs had determined that Plaintiff had service-connected disabilities, including post-traumatic stress disorder ("PTSD") with attention deficit hyperactivity disorder. *Id.* at ¶¶ 19-20.

Plaintiff disclosed his disabilities to Farmington Police Officer Lt. Donnie Kee around January 2014. *Id.* at ¶ 23. Lt. Kee instructed Plaintiff "to never disclose his . . . conditions to the

[Farmington Police Department] administration because it would cause problems." *Id.* at ¶ 24. "This conversation was witnessed by other patrol officers with the [Farmington Police Department]." *Id.* at ¶ 25.

At some point in 2015 or 2016, while out on a call, "[Plaintiff] disclosed to a teen in distress that he suffered from PTSD in an effort to talk the teen down from a mental health related confrontation." *Id.* at ¶ 26. Their "conversation was recorded on [Plaintiff's] body cam." *Id.* "The [Farmington Police Department] officer accompanying [Plaintiff] . . . warned [Plaintiff] that [Plaintiff] should never again disclose that he suffered from PTSD because the [Farmington Police Department] would use that information against him." *Id.* at ¶ 27.

Not long after the above conversations, "[Matthew] Veith, [Plaintiff's] direct supervisor, began to nitpick [his] job performance and exaggerate stated deficiencies in [his] job performance." *Id.* at ¶ 29. "What followed from Veith was a series of performance evaluations over the next year that misrepresented how [Plaintiff] performed his job, inflated alleged shortcomings, attacked [Plaintiff] for minor violations for which other officers suffered no consequences, and ignored the improvements and positive impact [Plaintiff] had during this time." *Id.* at ¶ 30.

In January 2016, Plaintiff "was suspended for 'Insubordination and Intemperate Behavior' and 'Unsatisfactory Performance' related to in-service trainings that [Plaintiff] had been told by a supervisor he did not have to complete." *Id.* at ¶ 36. Plaintiff was suspended again in August 2016 "due to allegations arising from the failure to turn in a Summons related to a misdemeanor battery on time," *Id.* at ¶ 37, and was removed "from the Honor Guard and placed . . . on a

2

performance contract." *Id.* at ¶ 38. Plaintiff's "suspension was approved by [Steven] Hebbe and [Casey] Malone, among others." *Id.* at ¶ 39.

In October 2016, the Farmington Police Department "accused [Plaintiff] of not completing a report and thereby violating the terms of the performance contract to turn in all reports by the end of the work week." *Id.* at ¶ 41. Plaintiff received a "Notice of Corrective/Disciplinary Action dated December 13, 2016, related to the October 2016 incident." *Id.* at ¶ 45. The notice was "issued by Sierra Tafoya and had the approval of all individuals in [Plaintiff's] supervisory chain— all the way up to Hebbe." *Id.*

On March 13, 2017, the Farmington Police Department "opened an [internal affairs] investigation on [Plaintiff] for Unsatisfactory Performance and Treatment of Persons in Custody." *Id.* at ¶ 54. The next day, "Dennis Ronk, the [internal affairs] investigator, without any evidence . . . sustained the [internal affairs investigation] in full—finding [Plaintiff] guilty of Unsatisfactory Performance and Mistreatment of Persons in Custody." *Id.* at ¶ 57.

Also, on March 13, 2017, "Malone called [Plaintiff] and stated that [Plaintiff] needed to turn in his equipment and that Hebbe was contemplating termination." *Id.* at ¶ 60. After Plaintiff turned in his equipment, "Malone told [Plaintiff] that any future law enforcement career [Plaintiff] desired would be impacted if [the Farmington Police Department] fired [Plaintiff]." *Id.* at ¶ 61. Malone told Plaintiff that he "could resign in lieu of termination without fear of any negative effect on his reputation or future law enforcement career." *Id.*

On March 17, 2017, Plaintiff "went to the [Farmington Police Department] to turn in his resignation letter." *Id.* at ¶ 63. "Ronk met with [Plaintiff]" that same day and "refused to accept

3

the letter of resignation from [Plaintiff] because supposedly Hebbe was reconsidering termination." *Id.* at ¶ 64.

On March 20, 2017, "Malone advised [Plaintiff] that Hebbe had decided to terminate [Plaintiff]." *Id.* at ¶ 66. "At that point, [Plaintiff] submitted the letter of resignation." *Id.* at ¶ 67. "[Plaintiff's] last day of employment with [Farmington Police Department] was April 17, 2017." *Id.* at ¶ 68.

"Following [Plaintiff's] constructive discharge from the [Farmington Police Department], [Plaintiff] decided to move to California." *Id.* at ¶ 69. In California, Plaintiff "has applied for law enforcement positions and other governmental positions for which he is eminently qualified. Despite his qualifications, [Plaintiff] has not been hired into any of these positions." *Id.* at ¶ 70.

Based on these allegations, on May 30, 2018, Plaintiff filed his Complaint for Damages from Violations of the Americans with Disabilities Act, 42 U.S.C.§ 1983, Title VII, the New Mexico Human Rights Act, and New Mexico Common Law ("Complaint"), alleging eleven counts against the City of Farmington, Farmington Police Department, Steven Hebbe, Casey Malone, Matthew Veith, Tom Swenk, Dennis Ronk, and Sierra Tafoya. Doc. 1. On September 17, 2018, Plaintiff and Defendant filed a joint motion to dismiss Farmington Police Department as a defendant. Doc. 29. The Court granted that motion on September 27, 2018. Doc. 31.

On July 27, 2018, Defendants Hebbe, Malone, Veith, Swenk, Ronk, and Tafoya filed the subject motion requesting that the Court dismiss Counts I, VI, and VII of the Complaint. In the Response, Plaintiff stipulated to dismissal of Count VII. Doc. 26 at 19. Only Counts I and VI, therefore, remain in contention.

## STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quoting *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999)).

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

In cases like this one, where Defendants move for dismissal on the basis of qualified immunity, "[t]o 'nudge their claims across the line from conceivable to plausible,' . . . plaintiffs

must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (citation omitted). As the Tenth Circuit explained in *Robbins*, [i]n [42 U.S.C.] § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore[,] it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Id.* at 1249-50.

## DISCUSSION

Defendants argue that Counts I and VI should be dismissed because Plaintiff did "not specify the alleged unconstitutional acts of the individual Defendants." Doc. 18 at 8-9. Plaintiff disagrees, explaining that "Defendants' entire specificity argument ignores the fact that the Factual Allegations section of [Plaintiff's] Complaint specifically identifies what each Defendant did that justifies his or her inclusion as individually-named Defendants in Counts I [and] VI." Doc. 26 at 11. The Court disagrees with Plaintiff's assertion and finds Counts I and IV inadequate in light of *Robbins's* specificity requirements.

Throughout Counts I and VI, Plaintiff refers to the individual Defendants collectively. Doc. 1 at ¶¶ 72-85, 118-29. At no point does Plaintiff specify the alleged unconstitutional acts of each individual Defendant. The following excerpts from Counts I and VI, respectively, illustrate as such:

> [Plaintiff] was subjected to a hostile work environment by *Defendants, including those individually-named*, because of his medical condition, principally [Plaintiff's] PTSD diagnosis, and *Defendants'* perceptions of the effects and consequences of [Plaintiff's] medical condition.

6

*Id.* at ¶ 74 (emphasis added).

> The [City of Farmington] and the [Farmington Police Department], as well as the *Defendants named in their individual capacity*, acted under the color of state law when they decided to take improper adverse employment actions against [Plaintiff], maliciously treat him disparately with respect to the terms and conditions of his employment, and intentionally violate policies and procedures applicable to the circumstances that led to the adverse employment actions taken against [Plaintiff]."

*Id.* at ¶ 119 (emphasis added).

The paragraphs in the Factual Allegations section of the Complaint, which Plaintiff incorporated into Counts I and VI, reference the individual Defendants by name. These paragraphs, however, fail to "make clear exactly *who* is alleged to have done *what* to *whom*," as required by *Robbins*. 519 F.3d at 1250. They do not, as Plaintiff asserts, "specifically identif[y] what each Defendant did that justifies his or her inclusion as individually-named Defendants." Doc. 26 at 11. For example, it is not clear what, if anything, Defendant Tom Swenk did to warrant him being listed as a defendant. He is mentioned only in the caption and in the jurisdiction section of the Complaint. Doc. 1 at 1, ¶ 7. Nor is it clear what Defendant Sierra Tafoya did. She is mentioned in the caption, jurisdiction section, and only once in the Factual Allegations section. *Id.* at 1, ¶ 10, and ¶ 45. Accordingly, as the Complaint is written, "it is impossible for any of [the individual Defendants] to ascertain what particular unconstitutional acts they are alleged to have committed." *Robbins*, 519 F.3d at 1250. And "[w]e need not speculate, because the burden rests on the plaintiff[] to provide fair notice of the grounds for the claims made against each of the defendants." *Id.*

Nonetheless, Plaintiff contends that he has sufficiently alleged constitutional violations by the individual Defendants. He argues that "[b]ecause 'the individually-named Defendants' and

'the individual capacity Defendants' are repeatedly named in Counts I, VI, and VII, there can be no doubt as to which counts pertain to which Defendants." Doc. 26 at 12. Although Plaintiff does separate City of Farmington, Farmington Police Department, and the "individually-named Defendants," Plaintiff does not differentiate among the six "individually-named Defendants." Instead, as explained above, throughout Counts I and VI, Plaintiff refers to the individual Defendants collectively. Doc. 1 at ¶¶ 72-85, 118-29. Nowhere in Counts I and VI, or in the Factual Allegations section, does Plaintiff "make clear exactly *who* is alleged to have done *what* to *whom*," as required by *Robbins*. 519 F.3d at 1250. Counts I and VI, therefore, "fail[] to isolate the allegedly unconstitutional acts of each defendant, and thereby do[] not provide adequate notice as to the nature of the claims against each." *Id.*

In an effort to rebut Defendants' argument that he did "not specify the alleged unconstitutional acts of the individual Defendants," Doc. 18 at 8-9, Plaintiff attached to his response five exhibits "issued from Defendants as [Farmington Police Department] official documents." Doc. 26 at 12; Docs. 26-1, 26-2, 26-3, 26-4, and 27. "[N]otwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, the district court may consider documents *referred to in the complaint* if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Brown v. Montoya*, 662 F.3d 1152, 1166 (10th Cir. 2011) (quoting *Alvarado v. KOB–TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007)). The exhibits consist of two brief reports and three notices of corrective/disciplinary action concerning Plaintiff. "Defendants do not dispute the authenticity of the documents." Doc. 32 at 3. Although the exhibits provide context for some of the facts alleged in the Complaint, they do not correct the shortcomings of Counts I and VI. Specifically,

8

they do not "make clear exactly *who* is alleged to have done *what* to *whom*," as required by *Robbins.* 519 F.3d at 1250. Thus, even assuming that the Court may consider these documents, the documents do not remedy the inadequacies of Counts I and VI.

For the foregoing reasons, dismissal of Counts I and VI is warranted. Plaintiff requested leave to submit an amended complaint should the Court find the Complaint inadequate. Doc. 26 at 12-13. Rule 15 of the Federal Rules of Civil Procedure permits a plaintiff to amend a complaint as of right only within 21 days after serving it or 21 days after service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at 15(a)(2). When considering whether to allow a party to amend a pleading, "[t]he court should freely give leave when justice so requires." *Id.* Applying this standard, the Court finds it proper to grant Plaintiff leave to file an amended complaint.

## CONCLUSION

Plaintiff has agreed to dismissal of Count VII. Because Plaintiff has failed to adequately allege the unconstitutional acts of each individual Defendant, dismissal of Counts I and IV is also warranted. The Court, however, finds it proper to grant Plaintiff the opportunity to amend the Complaint.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss based on Qualified Immunity [Doc. 18], filed July 27, 2018, is **GRANTED** as follows: Count VII of the Complaint [Doc. 1 at ¶¶ 130-37] is dismissed pursuant to agreement of the parties; Counts I and VI of the Complaint [*Id.* at ¶¶ 72-85, 118-29] are dismissed without prejudice pursuant to Federal Rule of

Civil Procedure 12(b)(6); and Plaintiff shall have until 21 days from entry of this order to file an amended complaint.

Dated this 8th day of August, 2019.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

Attorney for Plaintiff:  Attorney for Defendants:
Michael E. Mozes  Patricia G. Williams